IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **FRANK G. MAYBORG, et al.,** | : | **Case No. 1:04CV249** |
| **Plaintiffs,** | : | **(Sr. Judge S. Arthur Spiegel)** |
| **v.** | : | **CONSENT DECREE AND FINAL JUDGMENT** |
| **CITY OF ST. BERNARD, et al.,** | : | |
| **Defendants.** | : | |

Following a bench trial conducted on October 4, 2006 and continued until October 24, 2006, the Court entered findings of fact and conclusions of law. (doc. 44). The Court entered judgment in favor of Plaintiffs on Counts One through Five of their contract and federal constitutional claims, and continued this matter for hearing on damages.

On June 28, 2007, the Court held a hearing on the issue of damages, consistent with its November 22, 2006 Order. (doc. 44). At the hearing, Plaintiffs and Defendants stipulated to the bulk of the relevant information serving as the basis for damages awards due Plaintiffs. The Court reviewed such information during the hearing and the parties specified the portions of the exhibits where there remain factual issues, consistent with the notice filed by the parties on June 27, 2007 entitled "Factual Issues for Award of Damages". (doc. 62).

Having reviewed the matter, the Court found it appropriate for Magistrate Judge Black to conduct mediation with the parties concerning the outstanding factual issues, within 30 days. Within the 30 days as specified by this Court, the parties conducted a mediation with Magistrate Judge Black. That mediation resulted in a tentative settlement. (doc. 65).

1

On August 13, 2007, the parties filed their Joint Motion for Rule 23 Fairness Hearing. (doc. 66). In conjunction with the motion for the fairness hearing, the parties also submitted a proposed class notice. (doc. 66). The Court modified the proposed notice to permit oral objections in open court, for good cause shown, by class members who failed to file written objections. (doc. 67).

On October 11, 2007, the Court conducted the fairness hearing. The Court finds that notice of the fairness hearing was directed in a reasonable manner to all class members who would be bound by the proposed settlement. Upon due consideration of the settlement, the Court finds that the settlement is fair, reasonable and adequate.

Consistent with the Court's Findings of Fact, Conclusions of Law and Order filed on November 22, 2006 (doc. 44) and the Court's opinion and Order filed on February 20, 2007 (doc. 54), the Court, with the consent of the parties, enters the following consent decree and final judgment.

1.    Pursuant to Ordinance No. 24,1985, the Council of the City of St. Bernard established a fund for the purpose of reimbursing qualified retirees and their dependents for certain healthcare costs they incurred which were not paid by the health insurance provided by either the Police and Fire-Firefighter's Pension Fund and/or PERS. Pursuant to Ordinance No. 24,1985, the Council of the City of St. Bernard authorized and directed the Mayor to implement the C-9 Trust Fund. (Plaintiffs' Exhibit I). On June 7, 1985, the City adopted the plan for the C-9 Trust Fund. (Plaintiffs' Exhibit CC). The City also drafted a Trust Agreement to establish a trust fund through which health and welfare benefits would be provided to eligible retirees in accordance with the C-9 Trust Fund plan. (Plaintiffs' Exhibit CC). The C-9 Trust Fund plan has been amended from time to time.

The Court will refer to the C-9 Trust Fund plan, as amended, and the Trust Agreement jointly as the C-9 Trust Fund plan.

2. The City shall restore the C-9 Trust Fund benefits and establish the C-9 Trust Fund. The City shall provide the benefits of the C-9 Trust Plan to all eligible retirees and beneficiaries in accordance with the C-9 Trust Fund plan, this Court's Findings of Fact and Conclusions of Law (doc. 44) and this Consent Decree and Final Judgment. The City shall administer the C-9 Trust Fund in accordance with the terms of the C-9 Trust Fund plan and this Consent Decree and Final Judgment. The City Council shall appoint a Board of Trustees of the C-9 Trust Fund of which, at least, one member shall be a retired member of Local 450, St. Bernard Fire Fighter Union, one member shall be an active member of Local 450, St. Bernard Fire Fighter Union, one member shall be a retired member of the Fraternal Order of Police, one member shall be an active member of the Fraternal Order of Police, one member shall be a retired member of the St. Bernard Service Department Association and one member shall be an active member of the St. Bernard Service Department Association. The Trustees shall be solely and exclusively responsible for the payment of benefits under the C-9 Trust Fund plan from the C-9 Trust Fund. The Trustees shall be vested with the authority to determine any questions arising with respect to interpretation and application of this C-9 Trust Fund plan, which determination shall be binding and conclusive on all persons, including, without limitation, questions which relate to employment, compensation, eligibility and payment of benefits, as delegated to them under the terms of the C-9 Trust Fund plan.

3. Benefits provided under the C-9 Trust Fund plan shall consist of self-insurance for the uninsured portion of the expenses covered by the medical insurance

provided through either the Police and Fire-Fighter's Pension Fund and/or PERS. The City will contribute to the C-9 Trust Fund such amounts as are necessary to fund the benefits provided by the Trust Plan. The City shall fully fund the C-9 Trust Fund no later than November 1, 2007.

4. The City shall not terminate, cancel or take any adverse action against the C-9 Trust Fund plan or its benefits at any time. The City does reserve the right and power to amend the C-9 Trust Fund plan. However, no amendment shall deprive any current or future eligible retiree or beneficiary of any benefit to which he or she is entitled under the C-9 Trust Fund plan.

5. As damages for the denial of the C-9 Trust benefits from April 2002 through June 30, 2007, the City shall pay to all class members the sum total of $147,222.46. This amount shall be paid to each of the beneficiaries of the C-9 Trust Fund Plan in the amounts as set forth on the attached Exhibit A. The retirees and beneficiaries entitled to benefits under the C-9 Trust Fund plan shall submit any reimbursable expenses incurred after July 1, 2007 to the Trustees for reimbursement.

6. Pursuant to Ordinance No. 46,1984, the Council of the City of St. Bernard substituted medical insurance coverage to its retirees where there was coverage provided by the Police and Fire Pension Fund and/or PERS. (Plaintiffs' Exhibit G). In exchange for the substitution of the medical insurance provided through the state-wide pension systems, the City intended to offset the added costs to retirees to assure the delivery of the no-cost health insurance retirement benefit. The elimination of the City-sponsored health insurance had an added premium cost for retirees under PERS. Specifically, the City's substitution of healthcare insurance coverage provided by PERS required eligible retirees

to pay a premium differential for the same healthcare coverage. Consequently, the City assumed responsibility to pay the premium differential paid by eligible retirees under PERS. Subsequently, the Council of the City of St. Bernard passed Ordinance No. 49,1992. Pursuant to that ordinance, the Council of the City of St. Bernard provided those retirees who had retired prior to July 1, 1992 and who were members of the Police and Fire Pension Fund, their spouses and/or dependents with reimbursement for the monthly medical premiums deducted from their monthly pension check. This retirement benefit has become known as premium reimbursement.

7. The City shall restore the premium reimbursement to all eligible retirees effective July 1, 2007, as described in this Consent Decree and Final Judgment. The City shall not terminate, cancel or take any adverse action against premium reimbursement at any time hereafter. The amount of the premium reimbursement shall not exceed the amount of the premium reimbursement to which each beneficiary would be entitled in 2007. In other words, the premium reimbursement benefit in 2010 shall not exceed the amount of the premium reimbursement the beneficiary received in 2007. However, should a beneficiary change or alter his or her insurance coverage provided by the statewide pension systems, then such beneficiary shall be paid the amount that person would be entitled at 2007 rates. For example, if a single male not eligible for Medicare would marry, then that beneficiary would be entitled to the amount of the premium reimbursement due a married insured not eligible for Medicare at the then 2007 premium reimbursement amount. Alternatively, if a married female who is eligible for Medicare becomes a widow, then the amount of the premium reimbursement shall be reduced to the premium for a single female eligible for Medicare at 2007 limits.

8. Widows of eligible retirees will be recognized as beneficiaries of the Plan. In addition, widows of pre-July 1, 1992 police and fire retirees will be recognized as beneficiaries for premium reimbursement. In addition, widows of pre-December 31, 2003 service department retirees will be recognized as beneficiaries for premium reimbursement in the event that PERS begins charging widows for healthcare premiums. In that event, the premiums for widows of pre-December 31, 2003 service department retirees will be capped at an amount not to exceed the capped rate for premium reimbursement then applicable to widows of police and fire retirees. Carl Draginoff will also be recognized as a beneficiary of premium reimbursement effective from the first date of his retirement.

9. The City shall pay each eligible retiree or beneficiary the amount set forth in the attached Exhibit B as their individual damages for suspension of the premium reimbursement. The payments in Exhibit B will reimburse service department retirees for accrued premium reimbursement due to them through June 30, 2007. The payments in Exhibit B will reimburse police and fire retirees for accrued premium reimbursement due to them through December 31, 2006. Eligible police and fire retirees may submit any premium withheld for medical insurance coverage after January 1, 2007 until the City restores the premium reimbursement benefit to the City for payment and the City shall reimburse the expenses before December 31, 2007.

10. The Court finds that counsel for the class are due a reasonable award of attorneys' fees. Upon due consideration of the application for an award of such fees, the Court finds the application to be fair and reasonable. Accordingly, the Court awards counsel the amount of $139,400.27 as their costs and fees.

11. Within seven (7) business days of the entry of this Consent Decree and Final

Judgment, the City will issue a check in the amount of $420,599.73 payable to the named class representatives and a check in the amount of $139,400.27 payable to Katz, Teller, Brant & Hild. The named class representatives will deposit the check in the amount of $420,599.73 in an agreed checking account. From the $420,599.73 deposited into that checking account, the named class representatives will issue a check in the amount of $147,222.46 to the Trustees of the C-9 Trust Fund to be deposited into the C-9 Trust Fund. The Trustees of the C-9 Trust Fund shall then distribute the $147,222.46 to each of the beneficiaries of the C-9 Trust Fund plan in the amount as specified on the attached Exhibit A. The Trustees shall secure from each beneficiary a receipt for the amount received. Simultaneous with the distribution of the money by the Trustees to the beneficiaries of the C-9 Trust Fund plan, the class representatives shall pay each eligible retiree or beneficiary the amount set forth in the attached Exhibit B as their individual damages for suspension of the premium reimbursement benefit. The class representatives shall also obtain a receipt from each retiree or beneficiary for the amount received. Any monies not claimed shall be deposited in the C-9 Trust Fund. Upon distribution of all monies, counsel for the class shall account to the Court for the distribution of the $560,000.00 within fourteen (14) days.

12. Upon compliance with the terms of this Consent Decree and Final Judgment and upon the payment of the sums as required by this Consent Decree and Final Judgment, the City, and any of its agents, employees, officers, elected officials, shall be deemed to have fully satisfied the Findings of Fact, Conclusions of Law and Order and this Consent Decree and Final Judgment.

13. The Court shall retain jurisdiction to enforce this decree.

IT IS SO ORDERED.

_____
Judge S. Arthur Spiegel

_____
James F. McCarthy, III (0002245)
Trial Attorney for Plaintiffs
Katz, Teller, Brant & Hild
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202
(513) 721-4532
(513) 762-0006 (facsimile)
jmccarthy@katzteller.com

_____
John W. Hust (0027121)
Trial Attorney for Defendants
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
(513) 583-4209
(513) 583-4203 (facsimile)
jhust@smbplaw.com

_____
Gary R. Lewis (0017697)
30 Garfield Place, Suite 915
Cincinnati, Ohio 45202
(513) 665-9222
(513) 721-7008 (facsimile)
grlewis@fuse.net

KTBH:698354.1